IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**ELLIOT PAGE,**

        Petitioner,

v.                                              **Civil Action No. 5:22-CV-285**
                                                     Judge Bailey

**WARDEN ROANE,**

        Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

The above referenced case is before this Court upon the magistrate judge's recommendation that petitioner's petition be denied and dismissed without prejudice. *See* [Doc. 5].

This Court is charged with conducting a *de novo* review of any portion of the magistrate judge's report to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636(b)(1). However, absent prompt objection by a dissatisfied party, it appears that Congress did not intend for the district court to review the factual and legal conclusions of the magistrate judge. **Thomas v. Arn**, 474 U.S. 140 (1985). Additionally, any party who fails to file timely, written objections to the magistrate judge's report pursuant to 28 U.S.C. § 636(b)(1) waives the right to raise those objections at the appellate court level. **United States v. Schronce**, 727 F.2d

91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984). Petitioner timely filed his objections on January 20, 2023. See [Docs. 7 & 8].

In his objections, petitioner states he "is awaiting the final administrative remedy from the Central Office." See [Doc. 7].

This Court agrees with Magistrate Judge Mazzone's finding that petitioner failed to exhaust his administrative remedies. As stated by Magistrate Judge Mazzone:

> Here, petitioner's failure to exhaust administrative remedies is apparent on the face of the petition. Although petitioner checked a box indicating he had presented the facts of the petition through the prison's internal grievance procedure, he states "I only received a verbal response once and I was told to see my unit team. I asked and I was told to file, once I filed, I never received a response." [Doc. 1 at 7]. He goes on to state, "I filed with the institution. I cannot proceed without a response." [Id. at 8].

See [Doc. 5 at 5]. Pursuant to 28 C.F.R. § 542.18, "[i]f the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level." Thus, by his own account, petitioner has not exhausted his administrative remedies and his objections provide no evidence to hold otherwise.

Accordingly, a *de novo* review of the record indicates that the magistrate judge's report accurately summarizes this case and the applicable law. As such, the magistrate judge's report and recommendation [**Doc. 5**] is **ADOPTED**, petitioner's objections [**Doc. 7**] are

**OVERRULED**, and petitioner's petition [**Doc. 1**] is **DENIED** and **DISMISSED WITHOUT PREJUDICE**.[1]

This Court further **DIRECTS** the Clerk to **STRIKE** this case from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* petitioner.

**DATED:** January 25, 2023.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE

---

[1] To the extent petitioner's Objections [**Doc. 7**] are erroneously styled as a "Motion to Amend," that Motion is **DENIED**.

3